Chief Justice Robertson,
delivered the opinion of the Court.
Peck filed a bill in chancery against Case, for a specific execution of a contract for land which Case had sold to him. He made Stockton, Mason, MoMurtry and others, defendants, and charged them with having fraudulently procured the legal title, with a full knowledge of his equity. Tile circuit court decreed a specific execution in favor of Peck, and directed Mason and others to convey to him the legal title.
This writ of error is prosecuted to reverse that decree.
The decree must be reversed for the following reasons:^—
Case, in his answer, alleges that he and Peck had, at the instance of the latter, virtually rescinded *301 the contract, prior to the conveyance to Stockton, with whom Mason and McMurtry were associated in interest. He calls on Peck to answer the tion, but he failed to do so. It should be admitted, therefore, that the allegation is true; and consequent-]y Peck can have no available equity against subsequent purchasers.
II. There is no sufficient proof that Stockton had any notice of Peck’s equity, (even if it existed) when he became a purchaser for a valuable consideration, towit, the same price which had been promised by Peck. The deposition of Hughes is inadmissablc — because he is interested in the event of the suit. There is but one other deposition tending to prove Stockton had notice, and that deposition is entitled to scarcely any effect, and cannot countervail the peremtory denial of notice in Stockton’s answer.
III. Case had no titie, because Howard, under whom he claimed, has failed to shew that he himselfever had a good title. Hughes, claiming to be guardian for two infants (Thomas and Lydia Swearingen,) and claiming also under a deed purporting to have been executed by Van Morgan, ás agent for Drusilla Tiiornburgh, sold and conveyed the land to tioward. JJut there is no prooí oí ms authority to sell as guardian. And Van Morgan liad no authority to sell for Mrs. Thornburgh any greater interest than she had acquired under the will Thomas Swearingen Sr. which, if she held such interest (and it is tar front appearing dearly that she did) did not exceed an undivided eighth part of the tract of 150 acres now in controversy. In addition to all this, Van Morgan has sworn that Hughes had imposed upon him, and had surreptitiously ootained a deed to himself, which, when signed, was represented by han and understood by Van Morgan to be only an authority to sell the land for a stipulated sum to Howard.
And he has also sworn that Hughes refused to pay any thing for the land, and had agreed to surrender the deed.
IV. Drusilla Thornburgh and Thomas and Lydia Swearingen have, for a valuable consideration, conveyed the whole of their title to McMurtry..
P rchase of land pending suit in circuit court, gives to the perón sor «tich an intirest as Will nu horize bun 11 prosecute a writ of enor in the names of th'-se who“e title ho ma , have acquired with nit exhibiting " any express power.
Triplett and Brown, for plaintiffs; Hoggin, Chinn and Talbot, for defendant.
Under all these circumstances, with others, were it necessary to mention them, the decree cannot be sustained.
It appears that Mason had acquired all the title of his co-defendants, and that Thomas Triplet, who prosecutes this writ of error in the names of Mason, Stockton and others, purchased Mason’s interest under a decree during the pendency of this suit in the circuit court. We are of opinion that Triplet has such an interest as will authorize this court to protect him in the prosecution of the writ of error in the names of those from whom he acquired that interest — and that, consequently, we shall not require (as we have hern urged to do) any express authority from them, or any of them, for the prosecution of the writ.
Wherefore, it is decreed that the decree of the circuit court be reversed, and the cause remanded with instructions to dismiss the bill.